# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ADAM SCOTT | : | CIVIL ACTION |
| --- | --- | --- |
| v. | : | |
| UNITED STATES OF AMERICA | : | NO. 19-2263 |

## MEMORANDUM

**Savage, J.**                                                                                      **August 8, 2019**

Plaintiff Adam Scott, a prisoner incarcerated at the Federal Detention Center ("FDC") in Philadelphia, brings this *pro se* civil action against the United States of America pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA") based on the adequacy of medical treatment at the FDC.[1]  Scott seeks to proceed *in forma pauperis*.  For the following reasons, we shall grant Scott leave to proceed *in forma pauperis*, dismiss his *Bivens* claims and permit him to proceed on his FTCA claims.

## Facts

While incarcerated at the FDC in September of 2011, Scott fell out of a top bunk bed that did not have a guardrail and hit his head on a metal table.[2]  Scott alleges that since then he has consistently suffered from and complained about the following injuries: (1) Tightness in the left side of the skull; (2) random severe headaches on the left side;

---

[1] Plaintiff's complaint refers to 42 U.S.C. § 1983, which provides a remedy for constitutional violations committed by state actors.  Because Scott's claims are based on events that occurred at a federal facility, we construe his constitutional claims as having been brought under *Bivens*, not § 1983.

[2] Scott does not seem to be raising claims based upon his fall and the absence of guard rails, but rather the lack of medical treatment.

(3) constipation on the left side of pelvis; (4) not being able to breathe out of left nostril; (5) shortness of breath; and (6) heart problems and upper left chest pains.[3]

Scott contends that although most of the claimed medical problems were "diagnosed and clearly identified", he has not received any medication, treatment, or medical advice despite having submitted numerous sick call slips and other requests.[4] According to Scott, the Bureau of Prisons is not using its software program to track prisoners' medical problems to ensure they receive treatment for those problems.

Scott alleges that he exhausted his administrative remedies as required by the FTCA. He attached some of the records from the administrative process to his complaint as exhibits along with some of his medical records. Scott seeks damages in excess of $250,000.

## Standard of Review

Because it appears that he is not capable of paying the fees to commence this civil action, Scott will be granted leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) apply, which requires the Court to dismiss the Complaint if, among other things, it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

---

[3] Compl. at 4.

[4] *Id.* at 5.

2

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), we must dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A court may dismiss all or part of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The plaintiff must allege facts that indicate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Pleading only "facts that are 'merely consistent with' a defendant's liability" is insufficient and cannot survive a motion to dismiss. *Id.* (quoting *Twombly*, 550 U.S. at 557).

## Discussion

### *Bivens Claims*

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). For that reason, "[a] Bivens action is not available against the United States or one of its agencies." *Dambach v. United States*, 211 F. App'x 105, 107 (3d Cir. 2006) (per curiam). Notably, Scott did not name any individual federal officers as Defendants. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71 (2001) (explaining that *Bivens* "is concerned solely with deterring the unconstitutional acts of individual officers"). Therefore, we shall dismiss the *Bivens* claims against the United States with prejudice as legally baseless.

3

### *FTCA Claims*

The FTCA partially waives the government's sovereign immunity to allow liability for the torts of federal employees acting within the scope of their employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). However, a claim "against the United States for money damages [cannot be brought in federal district court] . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and [that claim is] finally denied by the agency[.]" *Id.* § 2675(a).

Here, Scott alleges and we must accept as true that he exhausted his FTCA claims. He has provided documentation reflecting that on February 22, 2019, the Bureau of Prisons finally denied his claims based on the alleged lack of treatment for injuries he sustained in the 2011 fall.[5] Accordingly, Scott will be permitted to proceed on his FTCA claims at this time.

### **Conclusion**

Because Scott has failed to state a *Bivens* claim, we shall dismiss his *Bivens* claims. His FTCA claims may proceed.

/s/ TIMOTHY J. SAVAGE J.

---

[5] *See* Compl. at 16.