IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ADAM SCOTT : CIVIL ACTION
:
v. :
:
UNITED STATES OF AMERICA : NO. 19-2263

## ORDER

**NOW**, this 8th day of August, 2019, upon consideration of plaintiff's Application for Prisoners to Proceed in District Court Without Prepaying Fees or Costs (Document No. 5), his Prisoner Trust Fund Account Statement, and his Complaint, it is **ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis* is **GRANTED;**

2. The Complaint is deemed filed.

3. Pursuant to 28 U.S.C. § 1915(b), plaintiff, **Adam Scott, # 61781-066**, shall pay the full filing fee of $350 in installments.[1]

4. The Warden or other appropriate official at the Federal Detention Center in Philadelphia is directed to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Adam Scott's inmate account; or (b) the average monthly balance in Adam Scott's inmate account for the six-month period immediately preceding the filing of this case and forward the initial payment assessed, with a reference to **Civil Action No. 19-2263**, to the Clerk of Court at the following address:

>Clerk of the United States District Court
>for the Eastern District of Pennsylvania
>Room 2609
>601 Market Street
>Philadelphia, Pennsylvania 19106.

---

[1] Plaintiff is advised that he will be obligated to pay the filing fee even if his case is dismissed. In other words, if his case is dismissed, payment of the fee will continue to be deducted from his inmate account statement.

5. In each succeeding month when the amount in Adam Scott's inmate account exceeds $10.00, the Warden or other appropriate official shall calculate, collect, and forward a payment equaling twenty percent (20%) of the preceding month's income credited to Adam Scott's inmate account and forward that amount, to be credited to **Civil Action No. 19-2263,** to the Clerk of Court at the above address until the fees are paid in full.

6. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), plaintiff's *Bivens* claims are **DISMISSED WITH PREJUDICE**.

7. The Clerk of Court shall issue and transmit a summons, together with a copy of the complaint, to the U. S. Marshals Service for service upon the United States.

8. All original pleadings and other papers submitted for consideration to the Court in this case are to be filed with the Clerk of this Court. Copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting *pro se*). Service may be by mail. Proof that service has been made is provided by a certificate of service. This certificate shall be filed in the case along with the original papers and shall show the day and manner of service. An example of a certificate of service by mail follows:

> I, (name), do hereby certify that a true and correct copy of the foregoing (name of pleading or other paper) has been served upon (name(s) of person(s) served) by placing the same in the U.S. Mail, properly addressed, this (date) day of (month), (year).
>
> _____
> (Signature)

If any pleading or other paper submitted for filing does not include a certificate of service upon the opposing party or counsel for opposing party, it may be disregarded by the

Court.

9. Any request for court action shall be set forth in a motion, properly filed and served. The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court. The Federal Rules of Civil Procedure, local rules and Judge Savage=s Policies and Procedures, a copy of which is attached, are to be followed. Plaintiff is specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within fourteen (14) days. Failure to do so may result in dismissal of this action.

10. Plaintiff is specifically directed to comply with Local Rule 26.1(f) which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." Plaintiff shall attempt to resolve any discovery disputes by contacting defendant's counsel directly by telephone or through correspondence.

11. No direct communication is to take place with the District Judge or United States Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk.

12. In the event a summons is returned unexecuted, it is plaintiff's responsibility to ask the Clerk of the Court to issue an alias summons and to provide the Clerk with the defendant's correct address, so service can be made.

13. The parties shall notify the Clerk's Office when there is an address change. Failure to do so could result in court orders or other information not being timely delivered, which could affect the parties' legal rights.

14. The Clerk of Court is directed to forward a copy of this Order to the Warden or other appropriate official at the Federal Detention Center in Philadelphia.

/s/ TIMOTHY J. SAVAGE J.