**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| ADAM SCOTT | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| UNITED STATES OF AMERICA | : | NO. 19-2263 |

**MEMORANDUM**

**Savage, J.**                                                                                          **December 9, 2019**

Adam Scott, a federal prisoner, sues the government for negligence and medical malpractice under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.*, stemming from a fall from his bed and the prison's alleged failure to treat his resulting injuries.[1] The government moves to dismiss the complaint, arguing Scott did not timely exhaust his administrative remedies. Because we agree with the government, we shall dismiss the complaint.

**Background**

As recounted by Scott in his complaint, on September 30, 2011, while housed at the Federal Detention Center in Philadelphia, he fell from his top bunk, which had no railing, and hit his head on a metal table.[2] Since then, he has experienced head and chest pain and tightness, constipation, an inability to breathe through his left nostril, heart problems, and shortness of breath.[3] Scott claims he was not provided any medical

---

[1] On August 8, 2019, we dismissed Scott's *Bivens* claim because he did not sue any officers of the federal government, only the government itself. Aug. 8, 2019 Memo. Op. at 3 (ECF No. 7).

[2] Compl. at 2 (ECF No. 1); Def.'s Mot. to Dism. at 9, Ex. A (ECF No. 12).

[3] Compl. at 2.

attention at the time of the fall.[4]  However, the records he attaches to his complaint show that on the same date he fell he was "evaluated and treated by Health Services for injuries after reporting a fall from [his] bunk bed."[5]  Also, medical professionals later diagnosed all of Scott's injuries with the exception of his shortness of breath and the tightness in his head, both of which he attributes to a deviated septum suffered in the fall.[6]  Scott complains that although he has requested treatment for his injuries, the prison has refused to provide any.[7]

On July 4, 2018, Scott submitted an administrative claim complaining about his injuries and lack of treatment.[8]  He claimed that the latter constituted medical malpractice and occurred on June 7, 2018.[9]  On February 22, 2019, his claim was denied.[10]  He filed his complaint on May 23, 2019.

The government moves to dismiss for lack of subject matter jurisdiction because Scott failed to file his administrative claim within two years of the September 30, 2011 incident.[11]  Scott responds that the Federal Bureau of Prisons (FBOP) accepted his untimely claim and that the discovery rule tolled the two-year limit to present his claim.[12]  In its reply, the government argues that review of a stale claim does not extend or revive

---

[4] *Id.*  A court may consider the complaint, exhibits attached to the complaint, matters of public record and undisputedly authentic documents to the extent the plaintiff bases its claims upon them.  *Hartig Drug Co., Inc. v. Senju Pharm. Co., Ltd.*, 836 F.3d 261, 268 (3d Cir. 2016) (citing *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)).

[5] *Id.* at Ex. 3.

[6] *Id.* at 3.

[7] *Id.*

[8] Def.'s Mot. to Dism. at 9, Ex. A.

[9] *Id.*

[10] Compl. at Ex. 3.

[11] Def.'s Mot. to Dism. at 4-5.

[12] Pl.'s Resp. at 3 (ECF No. 13).

the limitations period.[13] They also maintain that the discovery rule is inapplicable because Scott has been aware of his injuries since they occurred and the quality or lack of medical treatment for years.[14]

## Legal Standard

The standard of review of a motion to dismiss made pursuant to Rule 12(b)(1) depends on whether the motion is a facial attack or a factual attack. *See Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357-58 (3d Cir. 2014); *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006). Consequently, we must distinguish between facial attacks and factual attacks. A facial attack "is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court" because of some jurisdictional defect. *Constitution Party*, 757 F.3d at 358. In reviewing a facial attack, as we do in considering a Rule 12(b)(6) motion, we accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences arising from them in favor of the plaintiff. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

A factual attack is "an argument that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Constitution Party*, 757 F.3d at 358. In other words, in a factual challenge to jurisdiction, the defendant disputes the allegations on which jurisdiction depends. In that instance, we need not accept plaintiff's allegations as true and we may consider materials outside the complaint to

---

[13] Def.'s Reply at 5-6 (ECF No. 14).
[14] *Id.* at 3.

determine whether the exercise of federal jurisdiction is proper. *CNA v. United States*, 535 F.3d 132, 139, 145 (3d Cir. 2008).

The government makes a facial challenge. It argues that the court lacks jurisdiction because it is apparent from the complaint that Scott did not timely exhaust his administrative remedies. Thus, we shall accept as true the facts as they appear in the complaint and draw all possible inferences from those facts in Scott's favor.

## Analysis

The FTCA is "a limited waiver of the sovereign immunity of the United States." *Miller v. Phila. Geriatric Ctr.*, 463 F.3d 266, 270 (3d Cir. 2006). In order to make a claim under the FTCA, the claimant "first must file [his] claim with the administrative agency allegedly responsible for [his] injuries." *Santos ex rel. Beato v. United States*, 559 F.3d 189, 193 (3d Cir. 2009).

The relevant statute provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a).

"This requirement is jurisdictional and cannot be waived." *Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015) (citing *Rosario v. Am. Export-Isbrandtsen Lines, Inc.*, 531 F.2d 1227, 1231 (3d Cir. 1976)). Moreover,

> [a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal

4

> agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). The Third Circuit has interpreted this statute to require that "a claimant file both a claim with the federal agency within two years of the tort and a suit within six months of the agency's denial." *Sconiers v. United States*, 896 F.3d 595, 598 (3d Cir. 2018).

Assuming Scott exhausted available administrative remedies, his complaint is still time-barred. A tort claim against the United States must be presented within two years after the claim accrues. 28 U.S.C. § 2401(b). Here, Scott complains of incidents that occurred in 2011. He did not file this complaint until July 4, 2018, long after the two-year period.

Scott seeks to excuse his noncompliance by arguing that the FBOP considered the late claim on the merits and that the discovery rule tolled the time to present the claim. Neither argument has merit.

Scott's claim was "accepted and considered for settlement" pursuant to 28 U.S.C. § 2672.[15] This section authorizes federal agencies to settle property and personal injury claims. Nonetheless, nothing in the FTCA waives the time limitation for submitting a claim. That an agency considers a claim for settlement does not extend the time period.

The discovery rule states that a claim accrues not when the injury occurs, but when the plaintiff knows of both the existence and the cause of his injury. *Miller*, 463 F.3d at 271 (citing *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979)). Here, Scott reported

---

[15] Compl. at Ex. 3.

5

the fall when it occurred.[16] He complains, despite attaching to his complaint a record demonstrating otherwise, that he was provided no medical treatment at or since that time.[17] He has been aware of both his injuries and the lack of treatment for them on the date he fell or shortly thereafter.[18] Yet, he he did not present his claim to the FBOP for nearly seven years. Therefore, we shall dismiss his complaint with prejudice.

---

[16] *Id.*

[17] *Id.* at 2-3, 6.

[18] Scott claims without explanation that his malpractice claim accrued on June 7, 2018. Def.'s Mot. to Dism. at 9, Ex. A.; Pl.'s Resp. at 1-2. It is not clear why he selected this date. As stated, his claim accrued on September 30, 2011, when he was first allegedly refused treatment for his injuries.